IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-036 |
| | ) | |
| SHELLEY T. MILTON, Department of Law Lawyer; CHRISTOPHER M. CARR, Attorney General; LORETTA L. PINKSTON-POPE, Deputy Attorney General; ROGER A. CHAMBLERS, Senior Assistant Attorney General; GEORGE IVEY, Hancock State Prison Deputy of Security; RASHENDA MITCHELL, Chief Counselor; SGT. EDWARD FLOYD; COUNSELOR NEWTON; WARDEN TOBY; REGIONAL DIRECTOR HATCHER; BRIAN P. KEMP, Governor of Georgia; TYRONE OLIVER, GDOC Commissioner; MSP CHIEF COUNSELOR BLACK; HULL; ANITA DAVIS, Investigator; DWCT JEFFRIES; WARDEN SALE; CAPTAIN JIMMY KELLUM; and WARDEN SMITH, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| EARNEST BARNARD CLAYTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-051 |
| | ) | |
| BRIAN P. KEMP; TYRONE OLIVER; JIMMY KELLUM; RICKY WILCOX; JERMAINE WHITE; ANDREW MCFARLANE; and WILLIAM SIKES, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

| | |
|---|---|
| EARNEST BARNARD CLAYTON,           )<br>                                                         )<br>            Plaintiff,                            )<br>                                                         )<br>      v.                                            )           CV 325-052<br>                                                         )<br>DENNIS RILEY; TYRONE OLIVER;  )<br>BRIAN P. KEMP; JIMMY KELLOM;  )<br>RICKY WILCOX; JERMAINE WHITE; and )<br>ANDREW MCFARLANE,              )<br>                                                         )<br>            Defendants.                     ) | |

## **O R D E R**

Plaintiff, incarcerated at the Telfair State Prison ("TSP") in Helena, Georgia, seeks to proceed *in forma pauperis* ("IFP") in Clayton v. Kemp et al., CV 325-051 (S.D. Ga. May 2, 2025) (hereinafter "CV 325-051"), and Clayton v. Kemp et al., CV 325-052 (S.D. Ga. May 5, 2025) (hereinafter "CV 325-052"). Although Plaintiff has accumulated three "strikes" under 28 U.S.C. § 1915(g)[1] and would otherwise not be permitted to proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception,[2] based on the Court's assumption of imminent danger at the early stage of two cases, Plaintiff has already been granted permission to proceed IFP in Clayton v. Stewart et al., CV 325-009, doc. no. 4 (S.D. Ga. Feb 18, 2025) (hereinafter "CV 325-009"), and Clayton v. Milton, CV 325-036, doc. no. 4 (S.D. Ga. Apr. 25, 2025) (hereinafter "CV 325-036). Furthermore,

---

[1]See Clayton v. Goodman et al., CV 521-310, doc. no. 5, pp. 3-4 & n.1 (M.D. Ga. Sept. 24, 2021) (collecting cases establishing three strikes under § 1915(g)); CV 325-051, doc. no. 1, p. 2 (conceding status as three-striker).

[2]See Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

2

Plaintiff has been directed to submit an amended complaint in CV 325-036, and there is a pending recommendation to deny Plaintiff permission to proceed IFP in Clayton v. McFarlane, CV 325-045, doc. no. 4 (S.D. Ga. Apr. 22, 2025) (hereinafter "CV 325-045").

Notably, in order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Cognizant of this three-strike restriction, Plaintiff has taken to repeating allegations of harm at TSP in each of his succeeding complaints, often submitted within days of each other, and naming the same or similar groups of Defendants who are alleged to have been responsible for, or involved with, events at TSP during overlapping time periods upon which Plaintiff is attempting to rely to satisfy the imminent danger exception. For example, as the Court as previously explained in CV 325-036, Plaintiff has raised several issues concerning the conditions of his confinement at TSP regarding alleged disclosure of confidential grievance documentation, threats by inmates and prison officials, attacks by fellow inmates, retaliation, Plaintiff's placement in administrative segregation, use of force incidents, and more. CV 325-036, doc. no. 4, p. 4 (citing doc. no. 1, pp. 4-10).

Plaintiff's latest two pleadings in CV 325-051 and CV 325-052 again complain about alleged retaliation for grievance issues, placement in administrative segregation and the conditions of his confinement there, including threats to his safety. Not long ago, the Court flagged a similar pattern of overlapping issues in successive filings when it recognized Clayton v. Kellum, CV 325-020 (S.D. Ga. Mar. 4, 2025) (hereinafter CV "325-020") raised similar issues to CV 325-009 and directed that Plaintiff must include all of his related allegations in CV 325-009 rather than pursue another case raising the same or nearly the same

3

allegations.  See CV 325-020, doc. no. 4 (closing duplicative case CV 325-020 and directing the related claims proceed in the normal course in CV 325-009).  Similarly here, rather than allow three cases based on the same or nearly the same allegations to proceed, the Court **DIRECTS** the **CLERK** to file the complaints from CV 325-051 and CV 325-052 as two, separate amended complaints in CV 325-036 and close CV 325-051 and CV 325-052.[3]  The motions to proceed IFP in CV 325-051 and CV 325-052 are **MOOT** because Plaintiff has already been granted such permission in CV 325-036.  Plaintiff shall not be responsible for two, additional $350.00 filing fees.

The Court cautions Plaintiff that he should not continue to submit duplicative, repetitious cases, as the Eleventh Circuit has determined submission of duplicative complaints are an abuse of the judicial process and may properly be dismissed as malicious.  See Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021); see also Lomax v. Ortiz-Marquez, 590 U.S.-, 140 S. Ct. 1721, 1726 (2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits.").  While the Court has, to date, allowed Plaintiff to pursue his repetitive claims by amending his pleadings in existing cases, he should not expect such consideration in the future, as duplicative actions may be dismissed outright as an abuse of the judicial process.

In sum, the Court **DIRECTS** Plaintiff to file an amended complaint in CV 325-036 in accordance with the instructions provided in that case on April 25, 2025,[4] but to allow

---

[3]To the extent Defendants Kemp, Oliver, Wilcox, White, McFarlane, and Kellom are named in multiple pleadings, they need not be added to the docket multiple times when filing the complaints from CV 325-051 and CV 325-052 into CV 325-036.

[4]Although Plaintiff has been provided a blank complaint form in CV 325-036, in an abundance of caution, the Court **DIRECTS** the **CLERK** to attach a standard form complaint used

4

sufficient time for him to incorporate the overlapping claims from CV 325-051 and CV 325-052 as may be necessary, the Court <u>extends the deadline for compliance in CV 325-036 through and including Friday, June 6, 2025</u>.

SO ORDERED this 13th day of May, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

by incarcerated litigants in the Southern District of Georgia, stamped with case number CV 325-036, to Plaintiff's service copy of this Order.